UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LISA GRADDICK,

    Plaintiff,

v.　　　　　　　　　　　　　　CASE NO.:

NAVIENT SOLUTIONS, INC.

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, LISA GRADDICK, by and through the undersigned counsel, and sues Defendant, NAVIENT SOLUTIONS, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like NAVIENT SOLUTIONS, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question

Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. Venue is proper in this District as Plaintiff resides within this District (Clayton County, Georgia), the violations described in this Complaint occurred in this District and the Defendant transacts business within Clayton County, Georgia.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Florida, residing in Clayton County, Georgia.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, NAVIENT SOLUTIONS, INC ("NSI") is a corporation with its principal place of business located at 2001 Edmund Halley Drive, Reston, Virginia 20191 and which conducts business in the State of Georgia through its registered agent, Corporation Service Company located at 40 Technology Pkwy South, #300, Gwinnett, Norcross, Georgia 30092.

11. Defendant NSI called Plaintiff approximately 300 times since November of 2015 in an attempt to collect a debt.

12. Upon information and belief, some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she received prerecorded messages from Defendant NSI.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (732) xxx-7394 and was the called party and recipient of Defendant's calls.

14. Beginning on or about November of 2015, Defendant NSI began bombarding Plaintiff's cellular telephone (732) xxx-7394 in an attempt to collect on a student loan debt. Defendant also began calling Plaintiff's aunt, who is ill with cancer.

15. In the later part of November 2015 or December 2015, Defendant's bombardment of unwanted telephone calls to Plaintiff's cellular telephone and to Plaintiff's aunt increased in intensity. Plaintiff told Defendant stop calling. Unfortunately, the calls continued.

16. In February of 2016, Plaintiff again asked the Defendant to stop calling. "Stop calling. We have asked you before to stop calling." Defendant's response was "we are allowed to call you up to 8 times a day." The calls continued.

17. In early April of 2016, Plaintiff again demanded that Defendant stop calling her. However, the calls continued and continue to this day.

18. Defendant called Plaintiff from many different numbers, including but not limited to: 302-261-5793, 317-550-5596, 512-354-2003,

513-914-4616, 570-904-8747, 570-904-8749, 703-439-1082, and 765-637-0794.

19. Because of the overwhelming number of calls, Plaintiff was not able to keep track of each one. However, below is a list of the calls Plaintiff received from NSI between March 7, 2016 and March 24, 2016:

| Date | Time | From Phone Number |
|---|---|---|
| 03-07-16 | 8:37 am | 570-904-8747 |
| 03-07-16 | 10:21 am | 570-904-8747 |
| 03-07-16 | 12:37 pm | 570-904-8747 |
| 03-07-16 | 2:35 pm | 570-904-8747 |
| 03-08-16 | 8:38 am | 570-904-8747 |
| 03-08-16 | 10:12 am | 570-904-8747 |
| 03-08-16 | 1:05 pm | 570-904-8747 |
| 03-09-16 | 8:22 am | 703-439-1082 |
| 03-09-16 | 10:33 am | 703-439-1082 |
| 03-09-16 | 1:43 pm | 703-439-1082 |
| 03-09-16 | 4:29 pm | 703-439-1082 |
| 03-10-16 | 9:22 am | 703-439-1082 |

| | | |
|---|---|---|
| 03-10-16 | 10:39 am | 703-439-1082 |
| 03-10-16 | 1:56 pm | 703-439-1082 |
| 03-10-16 | 3:37pm | 703-439-1082 |
| 03-11-16 | 8:42 am | 703-439-1082 |
| 03-11-16 | 10:20 am | 703-439-1082 |
| 03-11-16 | 12:12 pm | 703-439-1082 |
| 03-11-16 | 1:59 pm | 703-439-1082 |
| 03-11-16 | 3:26 pm | 703-439-1082 |
| 03-14-16 | 8:30 am | 703-439-1082 |
| 03-14-16 | 2:36 pm | 765-637-0794 |
| 03-14-16 | 12:32 pm | 765-637-0794 |
| 03-15-16 | 8:25 am | 765-637-0794 |
| 03-15-16 | 1:04 pm | 765-637-0794 |
| 03-15-16 | 3:28 pm | 765-637-0794 |
| 03-16-16 | 8:21 am | 765-637-0794 |
| 03-17-16 | 9:12 am | 765-637-0794 |
| 03-17-16 | 11:35 am | 765-637-0794 |
| 03-18-16 | 8:52 am | 512-354-2003 |

| | | |
|---|---|---|
| 03-18-16 | 12:16 pm | 512-354-2003 |
| 03-18-16 | 1:53 pm | 512-354-2003 |
| 03-19-16 | 8:26 am | 512-354-2003 |
| 03-21-16 | 9:39 am | 512-354-2003 |
| 03-21-16 | 2:34 pm | 512-354-2003 |
| 03-22-16 | 8:17 am | 512-354-2003 |
| 03-22-16 | 12:28 pm | 512-354-2003 |
| 03-22-16 | 2:00 pm | 512-354-2003 |
| 03-23-16 | 8:34 am | 512-354-2003 |
| 03-23-16 | 9:49 am | 512-354-2003 |
| 03-23-16 | 1:45 pm | 512-354-2003 |
| 03-23-16 | 3:13 pm | 512-354-2003 |
| 03-24-16 | 8:35 am | 512-354-2003 |
| 03-24-16 | 10:13 am | 512-354-2003 |
| 03-24-16 | 1:29 pm | 512-354-2003 |

20. NSI has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

21. NSI has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or NSI, to remove the number.

22. NSI's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to NSI they do not wish to be called.

23. NSI has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

24. NSI has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

25. NSI has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

26. NSI's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from NSI's call list.

27. NSI has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

28. Not one of NSI's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

29. NSI willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

30. Plaintiff fully incorporates and re-alleges Paragraphs 1 through 29 as if fully set forth herein.

31. NSI willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified that Plaintiff wished for the calls to stop

32. NSI repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant NAVIENT SOLUTIONS, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

      Respectfully submitted,

      */s/ Octavio Gomez*
      Octavio "Tav" Gomez, Esquire
      Georgia Bar No. 617963
      Morgan & Morgan, Tampa, P.A.
      One Tampa City Center
      201 N. Franklin Street, 7th Floor
      Tampa, FL 33602
      Tele: (813) 223-5505
      Fax: (813) 223-5402
      Attorney for Plaintiff
      tgomez@forthepeople.com